G & S Distributing Company *v.* John B. Cobb *et al.*

(*Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

J. Ross Cheshire, Jr., and James J. LaPenna, both of Nashville, for appellant.

George F. McCanless, Attorney General, Allison B. Humphreys, Solicitor General, and Milton P. Rice, Assistant Attorney General, for appellees.

574

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit to recover certain privilege taxes paid by complainants G & S Distributing Company, to the State of Tennessee and Davidson County, under protest.

The cause was heard below on bill and answer resulting in the Chancellor entering his decree in favor of the taxing authorities.

The cause presents the question of whether the operation of devices known as "kiddy-rides", which are small mechanical horses, rocket ships or other such contrivances designed for the amusement of children, for a profit, subjects the one so operating such devices to taxation under Item 49, subsection (c), Code Supplement Section 1248.2.

Complainants are engaged as a partnership in the business of owning and operating, among other things, devices known as "kiddy-rides." These devices are generally placed by complainants in retail establishments such as grocery stores or drug stores, and there serve as means of amusement to small children who come or

are brought by their parents into such establishments. The children obtain a "ride" on these devices by placing a coin (a dime) therein. The owners of the retail establishment in which these devices are placed receive a percentage of the proceeds derived from the operation of the devices.

The question arises as to whether the operation of devices known as "kiddy-rides", comes within Item 49, subsection (c), Code Supplement Section 1248.2.

Section 1248.2 is as follows:

"All devices operated by persons as a source of profit, such as devices wherein may be seen pictures, or devices for throwing at wooden figures or any other object, throwing rings or any other device, striking an object to test the strength, and blowing to test the lungs, each per annum .... $20.00."

The above quoted is a part of the General Revenue Act of Tennessee, and is included under the general title "Occupations Which Are Privileges and Taxes Thereon."

Item 49 of the Revenue Act is entitled "Games", and it is insisted by complainant that "kiddy-rides" which are sought to be made the subject of taxation here, involve no contest or trial of skill, or chance, and are therefore not included in the taxing statute.

It is insisted by defendants, that among the several definitions included in Webster's New International Unabridged Dictionary is the following:

" ' 1. Sport of any kind; play, frolic, or fun; as boisterous game; joke or jest; as, to make game of one. 2. An amusement or diversion; as, make believe as a children's game. 3. A scheme or art employed in the pursuit of an object or purpose; method of procedure; project line of operations; plan; project; course. 4. A contest, physical or mental, conducted

according to set rules, and undertaken for amusement or recreation, or for winning a stake.' "

The language of Item 49(c), "All devices operated by persons as a source of profit, such as devices wherein may be seen pictures * * *", indicates that it was not the intention of the Legislature to confine the tax imposed to games of chance or contest of skill, and we are persuaded that it was the legislative intent to include such devices as the one involved herein, and that the taxing authorities were justified in making the levy questioned by the bill of complainant.

Under Item 49(b), miniature football, golf, baseball, pinball machines and all other miniature games are taxed.

■ We think the devices in the present case being operated as a source of profit such as devices wherein may be seen pictures, or devices for throwing at wooden figures or any other object, striking an object to test the strength, and blowing to test the lungs, are taxable under Item 49(c).

■ An examination of Item 49 of the General Revenue Act reveals that it is comprehensively directed at the operation of all commercial amusement devices. The legislature was evidently intending to tax the privilege of operating contrivances usually found at fairs, carnivals, amusement parks, penny arcades, recreation parlors, etc., but sometimes located elsewhere. Nothing in the statute purports to restrict the application of the tax to such contrivances as may be located in the above mentioned places.

While many different forms of amusement devices are thus referred to specifically, in the statute, it is to be noted that in each of the first three subsections of Item 49, it is made clear that the tax is not to be confined to the specifically named amusements, but that each of the

named ones is set forth merely for the purpose of illustration.

The Legislature no doubt realized that complete listing of all known devices would be impracticable, and that other devices would be contrived subsequent to the enactment of the taxing item. So they added following the illustrative listing in Item 49(a) the words "and all similar devices"; and in Item 49(b) the words "and all other miniature games." And in Item 49(c), they laid the tax on "all devices operated by persons as a source of profit."

The word "game" is not a technical word, but one of ordinary everyday usage, hence is to be given its ordinary meaning. *Hedges* v. *Shipp,* 166 Tenn. 451, 62 S. W. (2d) 49.

Complainants insist that the device here has no element of a contest. However, amusement may be had from any or all of the games listed whether they have the element of contest or not.

Riding a "bucking horse" or a "rocket ship" is no contest for the child; but it is an amusement or diversion, or sport, play, frolic or fun, any of which will serve to bring it within the definition of the word "game" as hereinbefore defined.

In construing the statute we are especially impressed with the words, "all devices operated by persons as a source of profit," in reaching the conclusion that the item herein involved was to be taxed by the Legislature.

All assignments of error are overruled and the decree of the Chancellor is affirmed with costs.