Nelson Holt, individually and doing business as Bordeaux Jump Center,

*v.*

Robert E. Worrall, County Court Clerk of Davidson County.

(*Nashville,* December Term, 1960.)

Opinion filed July 26, 1961.

Shelton Luton, County Attorney, Nashville, George F. McCanless, Attorney General, Milton P. Rice, David M. Pack, Assistant Attorneys General, for appellant.

Hugh C. Howser, Lowe Watkins, Nashville, for appellee.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is a bill filed in the Chancery Court at Nashville, seeking to recover a privilege tax paid under protest.

The Chancellor upheld the contention of the complainant and ordered the tax paid refunded to him. This appeal resulted.

The cause presents the question of whether a person operating trampolines as a source of profit is liable for the privilege tax imposed by Item 49(c), Section 67-4203, T.C.A. at the rate of $20 per annum for each such device so operated.

It appears that complainant, Holt, is the owner and operator of a recreational area known as "Bordeaux Jump Center" in Davidson County, within which are located fifteen trampolines.

A trampoline consists of strong cloth fifteen feet by ten feet in size, stretched and held tightly in position by, and secured to, a metal frame. It provides a springboard effect when jumped upon, and facilitates the performance of acrobatics by the use.

The charge for using a trampoline is fifty cents per half hour. Complainant's fifteen trampolines are located within a cyclone fence adjacent to a heavily travelled

highway. The complainant also sells soft drinks and package food items at this place.

Under threat of issuance of a distress warrant the complainant paid the tax in question.

The Chancellor was of the opinion that Section 67-4203, T.C.A., Item 75 applied, which excludes other taxes and provides as follows:

"Amusement park is defined as a park where various rides, games, shows, eating stands and the like are operated within the park. Any person paying the tax on an amusement park imposed by this Item shall not be liable for any other tax imposed under this chapter, with respect to any ride, game, shows, eating stands and the like operated within such amusement park. The tax imposed by this Item on amusement parks shall apply only to amusement parks maintained in a permanent location. The tax shall not apply to county fairs and municipal parks. Carnivals, circuses and menageries moving about from place to place and not operated at a permanent location shall not be taxed under this Item, but shall be taxed under the other applicable Items of chapters 41 and 42 of this title."

The State insists that the tax in question is collectible under Item 49(c), Section 67-4203, T.C.A.

This Section reads as follows:

"All devices operated by persons as a source of profit, such as devices wherein may be seen pictures, or devices for throwing at wooden figures or any other object, throwing rings or any other device, striking an object to test the strength, and blowing to test the lungs, each per annum * * * $20.00."

The State relies upon the Section just quoted and in support of this reliance contends that our rather recent case of *G & S Distributing Co. v. Cobb,* 197 Tenn. 573, 276 S.W.2d 729, is controlling. However, in that case the "kiddy rides" were placed in retail establishments such as grocery stores or drug stores, in various localities.

In the case now before us the complainant has these fifteen trampolines at a definite and permanent location and enclosed by a cyclone fence adjacent to a heavily travelled road. We think that this location, being more or less permanent, a classification should be more in the nature of an amusement park and its liability under the privilege tax arises out of Section 67-4203, T.C.A., Item 75, rather than under Item 49(c), Section 67-4203, T.C.A.

In this respect the case here is distinguishable from *G & S Distributing Co. v. Cobb,* supra.

We do think that the complainant comes under the working of Section 67-4203, T.C.A., Item 75 in that these trampolines may be classified as riding devices or games.

It therefore results that we are of the opinion that the decree of the Chancellor was correct and it is affirmed.

TOMLINSON, BURNETT, SWEPSTON and FELTS, Justices, concur.