DRAINAGE DIST. No. 4 OF MADISON COUNTY *v.* A. H. ASKEW *et al.*

(*Jackson.* Circuit Term, 1917.)

1. **CERTIORARI.** Petition. "Duly sworn to."

The words "duly sworn to," in Acts 1907, chapter 82, section 8, re-quiring a petition for a review by *certiorari* of a decision of the court of civil appeals to be duly sworn to, mean that the petition must be verified by affidavit. (*Post, p.* 137.)

Acts cited and construed: Acts 1907, ch. 82, sec. 8.

2. **CERTIORARI.** Petition. "Duly sworn to."

Acts 1907, chapter 82, section 8, providing that a petition for a re-view by *certiorari* of a decision of the court of civil appeals must be duly sworn to, is not complied with by filing a petition which is wholly printed, including the signature to the petition, affidavit, and jurat. (*Post, p.* 138.)

FROM MADISON.

Appeal from the Circuit Court of Madison County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —S. J. EVERETT, Judge.

C. E. PIGFORD, for appellant.

W. H. BIGGS and L. L. FONVILLE, for appellee

Drainage District v. Askew.

Mr. Justice Buchanan delivered the opinion of the Court.

By section 8, chapter 82, Acts of 1907, pp. 232-235. it is provided:

"The decrees and judgments of said court of civil appeals shall be final, and shall not be reviewed by the supreme court, save as herein provided."

After a provision to the effect that the court of civil appeals may certify to this court any case before that court in which it may desire the opinion of the supreme court, section 8 further provides:

"It shall also be competent for the supreme court to require by *certiorari* the removal of any case to it, the decision of which by the civil court of appeals is made final by this act, in order that the judgment or decree of said court of civil appeals may be reviewed by the supreme court. Such *certiorari* shall not be issued after a lapse of ninety days from the final decree or judgment from the court of civil appeals; and it shall not be awarded or issued from the supreme court, except upon petition duly sworn to, stating the substance of the case to be decided. accompanied by assignments of error or errors and brief in support thereof."

The words "duly sworn to" above quoted mean that the petition must be verified by affidavit, and we have so construed these words in rule 11 of this court. See 126 Tenn., 720, 160 S. W., viii.

The drainage district No. 4 of Madison county filed in this court, on May 5, 1907, what purports to be its petition for *certiorari,* seeking to have this court review and reverse the judgment of the court of civil appeals, and of the circuit court, in this cause, but the document so filed is wholly printed matter. At the conclusion of the prayer of the petition the name of the drainage district is printed, and the words by C. E. Pigford, attorney for petitioner; then appears an affidavit to which the name of the attorney is affixed, and then the words:

"Subscribed and sworn to before me this the 24th day of April, 1917.

                    Amos P. Chalker, Notary Public."

The signatures of the notary and of the attorney are printed. This is no verification of the petition by affidavit. Such a petition is not "duly sworn to" within the meaning of the statute, section 8, chapter 82, Acts of 1907. If the genuine signature of the attorney had been affixed to the printed petition and affidavit, and if the genuine signature of the notary public had been affixed to the printed jurat, the petition would have been sufficient in those respects in which it is now fatally defective. We do not acquire jurisdiction unless the petition be duly sworn to, and on the face of this petition there is no evidence that it was ever sworn to or verified by affidavit.

It results that our only possible course is to dismiss the petition at the cost of petitioners and their sureties.