HOWARD *et ux. v.* ANDERSON *et al.*

(*Knoxville,* September Term, 1934.)

Opinion filed November 30, 1934.

J. A. WALKER and J. W. STONE, both of Harriman, for appellants.

JOEL H. ANDERSON, of Knoxville, for appellees.

Mr. Justice Swiggart delivered the opinion of the Court.

Complainants, Howard and wife, brought this action in equity, to enjoin enforcement of a decree rendered by the chancery court wherein they were defendants and *Anderson et al.*, were complainants, on the ground that the decree was void.

The bill avers that a chambers decree was rendered in the former litigation, on May 23, 1933, adjudging the then defendants' property subject to complainants' lien, and ordering a reference to ascertain the amount of the debt. In June, 1933, decrees were rendered confirming the master's report and ordering a sale. Defendants prayed and were granted an appeal to the Court of Appeals. That court affirmed the chancellor, and remanded the case for execution. 74 S. W. (2d) 387. *Procedendo* was filed at the June, 1934, term of the chancery court, at which term the order of sale was revived.

The bill avers that the minutes of the chancery court for its June, 1933, term were not headed by a term caption, by reason of which it is contended that all decrees then entered were void; that the decree of the Court of Appeals was likewise void because not supported by any valid action of the lower court.

If we should concede the correctness of these contentions, it would not follow that the complainants are entitled to relief.

■ The substantive rights of the parties were adjudicated by the chambers decree of May, 1933. Failure of the chancery court to hold its June term following would not destroy the validity of that decree. While the Code, section 10505, requires the chancellor to examine

the clerk's record of chambers decrees at the next regular term, it is expressly provided by section 10511 of the Code that all chambers decrees "shall become effective, from the time of entry by the clerk and master on the minute book of his court." By this express legislative direction, the chancellor's approval of the clerk's entry on the minutes is, therefore, not essential to the validity. The section prescribes that, if there be any discrepancy in the clerk's entry, the original decree, bearing the chancellor's signature, shall control.

 There is no averment in the bill of any defect in the proceedings of the chancery court at its June, 1934, term, when the prior order of sale was "revived." A sale now to be held would therefore be pursuant to a valid order or decree, regardless of the technical validity of intermediate proceedings. If any further confirmatory or validating orders are required, they can yet be made in the chancey court in the original case, which is still pending.

We think no case for injunctive relief is made by the bill, and the decree of the chancellor, sustaining the demurrer, is affirmed. The bill is dismissed, at complainants' cost.