WALTER M. DEPEW, Respondent, *v.* KINGS, Inc., Petitioner.

(*Knoxville,* September Term (May Session) 1954.)

Opinion filed March 11, 1955.

BERNARD H. CANTOR, of Johnson City, for petitioner.

WILLIAM S. TODD, of Kingsport, for respondent.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

By its petition for certiorari King's, Inc. seeks to have this Court review the judgment of the Court of Appeals entered on November 16, 1954. The time for filing petition was extended by one of the Justices of this Court to, and including, January 30, 1955. The petition was filed on January 31. Since January 30 was on Sunday, the petition was filed within the time allowed.

Respondent, Depew, seeks to have this Court dismiss the petition without any consideration of its merits on the ground that petitioner did not swear to it. He cites in support of this insistence *Drainage District No. 4 of Madison County* v. *Askew*, 138 Tenn. 136, 196 S. W. 147. It is a fact that no one swore to this petition.

Courts are reluctant to make final disposition of cases in any manner other than upon a consideration of the merits. However, there are situations in which the Court has no choice. One such situation is where a statute legally withholds jurisdiction. Though the question made is jurisdictional and is ruled by *Drainage District No. 4 of Madison County* v. *Askew,* supra, and *James* v. *Kennedy,* 174 Tenn. 591, 129 S. W. (2d) 215, it is, perhaps not amiss to briefly consider the reasons for the result reached in each of those cases.

■ It is pointed out in *James* v. *Kennedy*, supra, that the right of appeal is wholly constitutional or statutory in origin; and that where the constitution does not define the extent of appellate jurisdiction in a given situation then jurisdiction may be limited or extended by the legislature.

■ Unlike the authority of this Court to waive one of its own rules when the ends of justice seem to so require, the Court is without authority to extend its jurisdiction beyond the confines fixed by statute if constitutional objections to such confines are not present. The language used in *Crane Enamelware Co.* v. *Smith*, 168 Tenn. 203, 206, 76 S. W. (2d) 644, 645, to state this principle is that ''The Court has no authority to waive a statutory requirement''.

■ The authority given this Court by statute to remove for review from the Court of Appeals any case which has been finally determined by that Court is predicated upon it being presented to this Court by petition for certiorari within the time fixed by the statute and also upon the requirement that such petition for certiorari shall be ''a sworn petition''. When either of those conditions does not exist this Court violates the mandate of the statute conferring jurisdiction if it presumes to review the judgment of the Court of Appeals.

The petition for certiorari in *Drainage District No. 4 of Madison County* v. *Askew*, supra, sought a review by this Court of a final judgment in the Court of Civil Appeals. The statute giving jurisdiction required that the petition be supported by oath. This Court sustained a motion to dismiss that petition because it was not so supported. And in doing so, said [138 Tenn. 136, 196 S. W. 148] that ''We do not acquire jurisdiction unless the petition be duly sworn to''.

In *Crane Enamelware Co.* v. *Smith,* the petition for certiorari was filed within the forty-five day period required by Code, Section 10629. It sought to have this Court review the final judgment of the Court of Appeals. But that petition was not verified by oath as required by this code section. A motion was made by petitioner to be permitted to amend the petition by attaching the oath. The Court denied the application with the statement that "It is, therefore, the filing of the sworn petition" within the time fixed for the filing of a petition "that confers jurisdiction upon this court. It follows that the court never acquired jurisdiction of this case." Then the Court closed with the statement that it had "no authority to waive a statutory requirement, and regrets its inability to grant petitioner the relief prayed for."

For the reasons stated, the motion of the respondent Depew to dismiss the petition because it is not verified by the required oath must be sustained.