IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS MAY 24, 2007

JOSHUA L. CARTER v. GEORGE LITTLE, ET AL.

Direct Appeal from the Chancery Court for Lake County
No. 5315     J. Steven Stafford, Chancellor

No. W2007-00189-COA-R3-CV - Filed August 23, 2007

The Northwest Correctional Complex Inmate Disciplinary Board convicted a prisoner of disciplinary infractions. The prisoner filed a petition for a common law writ of certiorari alleging the Board committed several procedural violations related to the disciplinary hearing, including violation of the prisoner's due process rights. In this appeal we must determine whether the chancery court properly granted the Board's motion to dismiss the prisoner's petition. The chancery court found that it lacked subject matter jurisdiction because the prisoner did not verify his petition. The prisoner contends that the petition was verified because, along with the petition, he filed a verified inmate trust fund certification balance form and a verified affidavit of indigency. We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Joshua L. Carter, Henning, TN, *pro se*

Robert E. Cooper, Jr., Attorney General & Reporter, Michael E. Moore, Solicitor General, Joshua D. Baker, Assistant Attorney General, Nashville, TN, for Appellees

OPINION

I. FACTS & PROCEDURAL HISTORY

Joshua L. Carter ("Carter" or "Appellant") is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. In March 2006, Carter, along with several other prisoners, was charged with the disciplinary infractions of assault and participation in security threat group activity. The Northwest Correctional Complex Inmate Disciplinary Board convicted Carter and sentenced him to administrative segregation on April 4, 2006. Carter appealed this conviction to George Little, the Commissioner of Corrections. The Commissioner denied Carter's appeal.

Carter filed on June 5, 2006, a petition for a common law writ of certiorari ("petition") in chancery court in Lake County, Tennessee. In the petition, Carter named as parties George Little, the Commissioner; Tommy Mills, the Warden of Northwest Regional Correctional Complex; William Lovell, Board member; and Sergeant Lloyd Moore (collectively "Board" or "Appellees"). Carter averred in the petition that it was his "first application for the writ." The petition was not notarized. Along with this petition, Carter filed a notarized inmate trust fund certification balance form ("inmate trust account statement ") and a notarized inmate affidavit pursuant to Tenn. Code Ann. § 41-21-805 ("affidavit of indigency").[1] The inmate trust account statement bears the notary's stamp and signature on May 24, and the affidavit of indigency on May 30. In the petition, Carter states that he filed the petition on May 30. The last page of Carter's affidavit of indigency states that "I hereby declare under penality [sic] of perjury that the foregoing answers are true, correct and completed to the best of my knowledge." Under the section titled "Oath and Affirmantion"[sic] in the petition, Carter states that he attached the inmate trust account statement and the affidavit of indigency to the petition and that he was "not only swearing to the truthfulness of the instant petition, but he is properly verifying his indigency status as well."

On June 19, Chancellor Steven Stafford entered an order allowing Carter to file the case on a pauper's oath. On June 20, 2006, Carter filed a uniform civil affidavit of indigency. Chancellor Stafford entered an order on this same day for the payment of the court filing fees based on Carter's affidavit of indigency.

The Board subsequently filed a motion to dismiss the petition for lack of subject matter jurisdiction pursuant to Rule 12.02(1) of the Tennessee Rules of Civil Procedure. The Board asserted in this motion that the chancery court lacked subject matter jurisdiction because Carter did not properly verify the petition. Carter responded by filing a motion to compel the court to render judgment and reduce its findings to writing pursuant to Rule 52.01 of the Tennessee Rules of Civil Procedure and a motion for the determination of the status of his case. The chancery court granted the Board's motion to dismiss on November 8, 2006. In the order, the chancellor dismissed Carter's argument that the filing of the notarized affidavit of indigency along with the inmate trust account statement verified the petition, citing to the Tennessee Constitution, the Tennessee Code, and Tennessee case law.

## II. ISSUES PRESENTED

Carter timely filed a pro se appeal to this court, raising issues related to the Board's disciplinary hearing and his conviction. The only issue before this Court, though, is whether the chancery court erred in granting Appellees' motion to dismiss the petition for lack of subject matter jurisdiction. After reviewing the record, we affirm the chancery court's ruling.

---

[1] An affidavit of indigency is completely unrelated to a petition for writ of certiorari. Section 41-21-805 of the Tennessee Code requires each inmate wanting to file a petition or complaint, but financially unable to do so, to file such an affidavit of indigency. Along with the affidavit of indigency, the inmate must also file a "current certified copy of the inmate's trust account statement." Tenn. Code Ann. 41-21-805 (c) (2000).

## III. STANDARD OF REVIEW

Subject matter jurisdiction involves a court's authority to entertain a particular controversy. ***Meighan v. U.S. Sprint Communications Co.***, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994); ***Wilson v. Tenn. Dep't of Correction***, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *2 (Tenn. Ct. App. Jan. 6, 2006). Whether a court has properly dismissed a case due to lack of subject matter jurisdiction is purely a question of law. ***Id.*** (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)). Thus, the standard of review in this case is *de novo*, with no presumption of correctness afforded to the lower court's decision. *See **Id.***

## IV. DISCUSSION

On appeal, Carter asserts that the petition was verified because he filed along with the petition a notarized inmate trust account statement and a notarized affidavit of indigency. We disagree.

The Tennessee Constitution mandates that a writ of certiorari be supported by an oath or affirmation: "The Judges or Justices of the Inferior Courts of Law and Equity, shall have the power in all civil cases, to issue writs of certiorari to remove any cause . . . from any inferior jurisdiction, into such court of law, on sufficient cause, *supported by oath or affirmation*." Tenn. Const. art. VI, § 10 (emphasis added). Similar language in the Tennessee Code grants judges "the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation." Tenn. Code Ann. § 27-8-104 (a) (2000).

Tennessee law further provides that this "oath or affirmation" in a petition for certiorari "may be *sworn to* before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a *notary public*, and shall state that it is the first application for the writ." Tenn. Code Ann. § 27-8-106 (2000) (emphasis added). There is an important distinction between verifying a petition and notarizing a petition. Verification helps demonstrate the truth of the petitioner's allegations. *See **Jackson v. Tenn. Dep't of Correction***, No. W2005-02239-COA-R3-CV, 2006 WL 1491445, at *3 (Tenn. Ct. App. May 4, 2006) ("There is no doubt that the essence of a verification is truthfulness of the document's contents."); ***D.T. McCall & Sons v. Seagraves***, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990). Notarization, sometimes referred to as the acknowledgment, helps demonstrate the petition's proper execution. ***Id.*** A petition for a common law writ of certiorari must not only be verified, but must also be sworn to under oath, typically through use of a notary public. ***Wilson v. Tenn. Dep't of Correction***, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *3–4 (Tenn. Ct. App. Jan. 6, 2006). This sworn and notarized statement accompanying the petition must declare that the petition's allegations are true to the best of the petitioner's knowledge. ***Adams v. Tenn. Dep't of Corrections***, No. M2005-00471-COA-R3-CV, 2007 WL 1574277, at *2 (Tenn. Ct. App. Apr. 13, 2007) (citing *Bowling v. Tenn. Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn. Ct. App. Apr. 30, 2002)). But on that point, the Court of Criminal Appeals has held in a similar

context that "merely swearing to having knowledge of the allegations contained in the petition [for post-conviction relief] is insufficient to qualify as verification under oath."[2] **Montague v. State**, No. E2000-01330-CCA-R3-PC, 2001 WL 1011464, at *2 (Tenn. Crim. App. Sept. 4, 2001).

It is well settled that the "sworn to" language found in Tenn. Code Ann. § 27-8-106 requires all petitions for writs of certiorari be verified by an affidavit; otherwise, neither the lower court nor the appellate court would obtain jurisdiction over the petition. **Depew v. King's, Inc.**, 276 S.W.2d 728, 728–729 (Tenn. 1955) (citing *Drainage Dist. No. 4 of Madison County v. Askew*, 196 S.W.2d 147, 148 (Tenn. 1917)). Courts have consistently held that the failure of the petitioner to verify the petition as required by the Tennessee Constitution and the Tennessee Code is proper grounds for dismissal. **Depew v. King's, Inc.**, 276 S.W.2d 728, 729 (Tenn. 1955); **Jackson v. Tenn. Dep't of Correction**, No. W2005-02239-COA-R3-CV, 2006 WL 1491445, at *4 (Tenn. Ct. App. May 4, 2006); **Bowling v. Tenn. Bd. of Paroles**, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn. Ct. App. Apr. 30, 2002); **Montague**, 2001 WL 1011464, at * 2; *see also* **Northland Ins. Co. v. State**, 33 S.W. 3d 727, 729 (Tenn. 2000) (pointing out that a court only obtains subject matter jurisdiction through constitutional or legislative act).

For instance, in *Wilson v. Tennessee Department of Correction*, No. W2005-00910-COA-R3-CV, 2006 WL 325933 (Tenn. Ct. App. Jan. 6, 2006), we addressed the same issue presented before us in this case. In *Wilson*, this Court held that the failure of the petitioner to notarize the petition for writ of certiorari constituted sufficient grounds for dismissal. **Id.** at *4. In that case, the petitioner likewise filed a notarized affidavit of indigency along with the petition.[3] **Id.** at *4, n.1. We pointed out that the accompanying notarized affidavit of indigency was not enough to save a deficient petition: "The notarization of the affidavit of indigency only indicates that Wilson swore to the facts alleged in that document." **Id.**

Likewise, in the present case, Carter has not met the constitutional and statutory requirements of a common law petition for writ of certiorari because his petition was not notarized. Although Carter does say that he is swearing the petition's truthfulness by way of the affidavit of indigency and the inmate trust account statement, the petition itself is not notarized. That these two forms filed with the petition were notarized does not change the fact that the petition itself was not notarized.[4] The notarization of the affidavit of indigency only indicates that Carter swore to the facts pertaining to his indigent status. Nothing is mentioned as to the truthfulness of the petition itself, nor is there any way

---

[2] Similar to the oath requirement in sections 27-8-104 and 27-8-106 of the Tennessee Code, a petition for post-conviction relief requires that the petition "shall be verified under oath." Tenn. Code Ann. § 40-30-104 (d) (2006).

[3] The petitioner in *Wilson* signed the verification in his petition days before the notarization of the affidavit of indigency. In the present case, Carter states in the petition that he mailed it on May 30, the same day the affidavit of indigency was notarized.

[4] Additionally, Carter would be unable to rely on the inmate trust account statement to show that he swore to the allegations in the petition, because the inmate trust account statement statement was notarized on May 24, before the filing of the petition.

to know if the notary public even saw the petition.[5] Thus, the chancery court did not err in granting the Board's motion to dismiss.

While we are sensitive to the fact that the Appellant filed the petition himself and is also representing himself in this appeal, those that proceed pro se must nevertheless comply with the procedural law that those with counsel must follow. ***Hodges v. Tenn. Att'y Gen***., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); ***Bowling v. Tenn. Bd. of Paroles***, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at * 3, n.6 (Tenn. Ct. App. Apr. 30, 2002). Regardless of whether an individual is representing himself, this Court lacks the power to waive a jurisdictional requirement. *See **Depew v. King's, Inc.***, 276 S.W.2d 728, 729 (Tenn. 1955).

For the above stated reasons, we affirm the chancery court's dismissal of the Appellant's petition. Costs of this appeal are to be taxed to Appellant, Joshua L. Carter, for which execution may issue if necessary.

---

ALAN E. HIGHERS, JUDGE

---

[5] The Appellant also points to the uniform civil affidavit of indigency form he later filed in the chancery court on June 20, 2006, as supporting his claim that the petition was properly verified. This document likewise mentions nothing concerning the actual petition's truthfulness; in any event, it would not aid Appellant's case because it was filed after the petition. Furthermore, from the record it appears that this document was not notarized.