IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS DECEMBER 14, 2007

## WILLIAM CASON v. GEORGE LITTLE, ET AL.

**Direct Appeal from the Chancery Court for Lake County**
**No. 5314     J. Steven Stafford, Chancellor**

_____

**No. W2007-01910-COA-R3-CV - Filed May 15, 2008**

_____

Appellant, a prisoner in the custody of the Tennessee Department of Correction, filed a *pro se* petition for common law writ of certiorari, seeking review of the prison disciplinary board's findings. Appellees filed a motion to dismiss for lack of subject matter jurisdiction based upon Appellant's alleged failure to execute his petition in compliance with the statutory requirements found at T.C.A. §§ 27-8-104 and 27-8-106. Finding that Appellant had failed to have his petition notarized, the trial court granted the motion to dismiss. Appellant appeals. Finding no error, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

William Cason, Henning, TN, *pro se*

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Kellena R. Baker, Assistant Attorney General, Nashville, TN, for Appellees

**OPINION**

On June 5, 2006, William Cason ("Appellant"), an inmate housed at Northwest Correctional Complex in Tiptonville, filed a "Petition for a Common Law Writ of Certiorari" in the Chancery Court of Lake County against George M. Little, Warden Tommy Mills, Holly Butler, Sergeant Lloyd Moore, and William Lovell (together, "Appellees").[1] By his Petition, Mr. Cason sought review of the actions of the Northwest Correctional Complex Disciplinary Board (the "Board") in finding him guilty of the prison disciplinary offenses of assault and participation in security threat group activity (i.e., gang activity). Mr. Cason alleges that the Board acted arbitrarily, capriciously, and illegally in convicting him of these offenses, and specifically asserts that there was no evidence to support the charges, that he was given no notice of the charges, that the reliability of the confidential informant was never verified, and that the Board refused to allow him to call witnesses. Mr. Cason also asserts that the Board violated his due process rights.

On July 24, 2006, the Appellees filed a Motion to Dismiss. Specifically, Appellees assert that Mr. Cason's Petition was not verified as required by Article 6, Section 10 of the Tennessee Constitution and T.C.A. §§ 27-8-104 and 27-8-106. Appellees also assert that Mr. Cason failed to comply with the requirements of T.C.A. § 41-21-805 because he did not file an affidavit concerning his history of prior lawsuits or a certified copy of his inmate trust account statement. On November 15, 2006, the trial court entered a scheduling order, giving the parties until December 15, 2006 to file pleadings addressing whether the Petition was properly verified.

Appellees withdrew their Motion to Dismiss and, on December 7, 2006, filed a "Notice of No Opposition to Granting Petition for Writ of Certiorari." On January 8, 2007, the trial court entered an Order, granting the writ of certiorari and ordering Appellees to file a certified copy of the administrative record associated with the disciplinary infractions. By separate Order of January 8, 2007, the trial court ordered Appellees to file a responsive pleading addressing the question of whether the trial court had obtained subject-matter jurisdiction over Mr. Cason's Petition. On January 29, 2007, Appellees filed their response, asserting that Mr. Cason had failed to properly "swear to" the allegations set forth in his Petition because the law does not allow for a separate affidavit to verify the contents of a petition for writ of certiorari. On February 1, 2007, Appellees filed a certified copy of the administrative record for Mr. Cason's disciplinary offenses. And, on March 1, 2007, Appellees filed a "Motion for Judgment on the Record."

On April 2, 2007, the trial court entered a Scheduling Order, giving Mr. Cason additional time in which to provide the court with an affidavit concerning any prior litigation history as required under T.C.A. § 41-21-805. On April 12, 2007, Mr. Cason filed a "Motion in Response to Scheduling Order," asserting, *inter alia*, that he has no prior litigation history and that the requested information is not applicable. On June 11, 2007, the trial court entered an "Order on Response to Scheduling Order," in which it held that Mr. Cason's "Motion in Response to Scheduling Order" did not satisfy the statutory requirements. The trial court gave Mr. Cason until June 26, 2007 to provide the required information. On June 21, 2007, Mr. Cason filed a second "Motion in Response to

---

[1] The Appellees herein were sued in their official capacities only.

Scheduling Order," in which he again asserts that he has no prior litigation history, and that the requested information is not applicable.

On July 24, 2007, the trial court entered an "Order Dismissing Case" because the Petition was neither sworn to, nor verified. On September 5, 2007, Mr. Cason filed a motion for relief from judgment, which motion was subsequently denied by Order of September 24, 2007.

Mr. Cason appeals. The relevant issues are succinctly set out in the Appellees' brief, and we adopt the issues as stated therein, to wit:

> 1. Whether the trial court properly dismissed the petition because the court never obtained subject matter jurisdiction over the petition?
>
> 2. Whether the Disciplinary Board acted illegally, arbitrarily, capriciously, or outside the scope of its jurisdiction in convicting the petitioner of assault and participation in security threat group activity?
>
> 3. Whether the petitioner's due process rights were violated when the Board recommended an extension to release eligibility date?

Subject matter jurisdiction involves a court's authority to entertain a particular controversy. *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn.1996) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn.1994)); *Wilson v. Tenn. Dep't of Correction*, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *2 (Tenn.Ct.App. Feb. 13, 2006). Whether a court has properly dismissed a case due to lack of subject matter jurisdiction is purely a question of law. *Id*. (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn.1999)). As such, we review the trial court's dismissal of Mr. Cason's petition for writ of certiorari *de novo* upon the record, with no presumption of correctness afforded to that decision. *See id.*; Tenn. R. App. P. 13(d).

T.C.A. § 27-8-104 (2000) provides, in relevant part, as follows:

> (a) The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, ***supported by oath or affirmation***.[2]

---

[2] This statutory language tracks Article 6, Section 10 of the Tennessee Constitution, which states that:

> The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, ***supported by oath or affirmation***.

(continued...)

(Emphasis added).

Moreover, T.C.A. § 27-8-106 (2000) provides:

> The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and ***shall state that it is the first application for the writ***.

(Emphasis added).

In the instant case, Mr. Cason filed three documents with the trial court on June 5, 2006. The first document is the "Petition for Common Law Writ of Certiorari." In this Petition, Mr. Cason states, in relevant part, that, "[i]n accordance with T.C.A. §27-8-106[,] Petitioner[] avers that this is the 'first application for the writ.'" Mr. Cason states that the petition is "[r]espectfully prayed and submitted," and he signs same; however, the petition is not sworn to before a clerk, judge, or a notary public. The Petition also references the second document filed by Mr. Cason, that being the "Uniform Civil Affidavit of Indigency; and Inmate Affidavit Pursuant to T.C.A. §41-21-805 *et seq.* And Inmate Affidavit Pursuant to Art. 6 Sec. 10, Tenn. Const., (mandatory oath or affirmation), and T.C.A. 27-8-106 ("The petition for certiorari may be sworn to before...a notary public)." This document contains three sections. In the first section, Mr. Cason states that "the Application for the Common Law Writ of Certiorari[,] to which this Affidavit is attached, is the first application made for the Writ of Certiorari and that it is true, accurate and complete to the best of [Mr. Cason's] knowledge." Section two of this document is a pauper's oath. At the end of the document, Mr. Cason states: "I hereby swear that all three parts of the foregoing affidavit are true and accurate," and he signs the document. Finally, Mr. Cason filed a separate "Uniform Civil Affidavit of Indigency," in which he declares, "under penalty [sic] of perjury[,] that the foregoing answers are true, correct, and complete to the best of my knowledge." This document bears Mr. Cason's signature, and was sworn to before a notary public on April 24, 2006.

On appeal, Mr. Cason contends that, because his Petition for writ of certiorari incorporates by reference the "Uniform Civil Affidavit of Indigency; and Inmate Affidavit...," the Petition is, in fact, sworn to and verified. Despite Mr. Cason's argument that this three-part affidavit was sworn to before a notary public, our review of this document indicates that it does not bear the signature and/or seal of a notary public.

As discussed above, the Tennessee Constitution mandates that a writ of certiorari be supported by an oath or affirmation, ***see*** *infra* fn. 2. Tenn. Const. art. VI, § 10; T.C.A.§27-8- 104(a), *supra*. Tennessee law further provides that this "oath or affirmation" in a petition for certiorari "may

---

[2](...continued)
(Emphasis added).

be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." T.C.A. § 27-8-106. There is an important distinction between verifying a petition and notarizing a petition. Verification helps demonstrate the truth of the petitioner's allegations. *See Jackson v. Tenn. Dep't of Correction*, No. W2005-02239-COA-R3-CV, 2006 WL 1491445, at *3 (Tenn.Ct.App. May 4, 2006) ("There is no doubt that the essence of a verification is truthfulness of the document's contents."); *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn.Ct.App.1990). Notarization, sometimes referred to as the acknowledgment, helps demonstrate the petition's proper execution. *Id*. A petition for a common law writ of certiorari must not only be verified, but must also be sworn to under oath, typically through the use of a notary public. *Wilson v. Tenn. Dep't of Correction*, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *3-4 (Tenn.Ct.App. Jan.6, 2006). This sworn and notarized statement accompanying the petition must declare that the petition's allegations are true to the best of the petitioner's knowledge. *Adams v. Tenn. Dep't of Corrections*, No. M2005-00471-COA-R3-CV, 2007 WL 1574277, at *2 (Tenn.Ct.App. Apr.13, 2007) (citing *Bowling v. Tenn. Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn.Ct.App. Apr.30, 2002)). But on that point, the Court of Criminal Appeals has held, in a similar context, that "merely swearing to having knowledge of the allegations contained in the petition [for post-conviction relief] is insufficient to qualify as verification under oath." *Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 WL 1011464, at *2 (Tenn.Crim.App. Sept.4, 2001).[3]

It is well settled that the "sworn to" language found at T.C.A. § 27-8-106 requires all petitions for writs of certiorari be verified by an affidavit; otherwise, neither the lower court, nor the appellate court would obtain jurisdiction over the petition. *Depew v. King's, Inc.*, 276 S.W.2d 728, 728-729 (Tenn.1955) (citing *Drainage Dist. No. 4 of Madison County v. Askew,* 355 Mo. 349, 196 S.W.2d 147, 148 (Tenn.1917)). Courts have consistently held that the failure of the petitioner to verify the petition as required by the Tennessee Constitution and the Tennessee Code is proper grounds for dismissal. *Depew v. King's, Inc.*, 276 S.W.2d 728, 729 (Tenn.1955); *Jackson v. Tenn. Dep't of Correction*, No. W2005-02239-COA-R3- CV, 2006 WL 1491445, at *4 (Tenn.Ct.App. May 4, 2006); *Bowling v. Tenn. Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn.Ct.App. Apr.30, 2002); *Montague*, 2001 WL 1011464, at * 2; *see also Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn.2000) (pointing out that a court only obtains subject-matter jurisdiction through constitutional or legislative act).

In *Wilson v. Tennessee Department of Correction*, No. W2005-00910-COA-R3-CV, 2006 WL 325933 (Tenn.Ct.App. Jan.6, 2006), this Court addressed the same issue presented before us in the present case. In *Wilson*, we held that the failure of the petitioner to notarize the petition for writ of certiorari constituted sufficient grounds for dismissal. *Id*. at *4. In that case, the petitioner also filed a notarized affidavit of indigency along with the petition. *Id*. at *4, n. 1. We pointed out that the accompanying notarized affidavit of indigency was not enough to save a deficient petition: "The

---

[3] Similar to the oath requirement in sections 27-8-104 and 27-8-106 of the Tennessee Code, a petition for post-conviction relief requires that the petition "shall be verified under oath." T.C.A. § 40-30-104(d) (2006).

notarization of the affidavit of indigency only indicates that Wilson swore to the facts alleged in that document." ***Id.***

Likewise, in the case now before us, Mr. Cason has not met the constitutional and statutory requirements of a common law petition for writ of certiorari because his Petition is not notarized. Although Mr. Cason does state that he is swearing to the petition's truthfulness by way of the affidavit of indigency, the Petition itself is not notarized. That the second affidavit of indigency (i.e. the third document filed by Mr. Cason, ***see*** *supra*) was notarized does not change the fact that the Petition itself was not notarized. The notarization of the affidavit of indigency only indicates that Mr. Cason swears to the facts pertaining to his indigent status. Nothing is mentioned as to the truthfulness of the Petition itself, nor is there any way to know if the notary public even saw the Petition. Consequently, the Chancery Court did not err in granting the motion to dismiss.

While we are sensitive to the fact that the Appellant filed the petition himself and is also representing himself in this appeal, those that proceed *pro se* must nevertheless comply with the procedural law that those with counsel must follow. ***Hodges v. Tenn. Att'y Gen***., 43 S.W.3d 918, 920 (Tenn.Ct.App.2000); ***Bowling v. Tenn. Bd. of Paroles***, No. M2001-00138-COA-R3- CV, 2002 WL 772695, at * 3, n. 6 (Tenn.Ct.App. Apr.30, 2002). Regardless of whether an individual is representing himself, this Court lacks the power to waive a jurisdictional requirement. ***See Depew v. King's, Inc.***, 276 S.W.2d 728, 729 (Tenn.1955).

For the foregoing reasons, we affirm the trial court's dismissal of Mr. Cason's Petition for common law writ of certiorari. Costs of this appeal are assessed to the Appellant, William Cason, for which execution may issue if necessary.

 

 

_____
ALAN E. HIGHERS, P.J., W.S.