FILED
02/15/2024
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2023

## THOMAS BURRELL v. TIPTON COUNTY ELECTION COMMISSION ET AL.

**Appeal from the Chancery Court for Tipton County**
**No. 37772    Kasey Culbreath, Judge**

_____

**No. W2023-00312-COA-R10-CV**

_____

Appellant attorney appeals the trial court's denial of his motion to appear pro hac vice on procedural grounds. We affirm.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Chancery Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JEFFREY USMAN, J., joined.

Percy Squire, Columbus, Ohio, Pro se.

Amber G. Shaw and Henry B. Talbot, Covington, Tennessee, for the appellee, Tipton County Election Commission.

### MEMORANDUM OPINION[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 7, 2022, Plaintiff Thomas Burrell ("Plaintiff") filed a pro se petition for a

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

common law writ of certiorari ("the Initial Petition") in the Tipton County Chancery Court ("the trial court") against Defendants/Appellees the Tipton County Election Commission ("Appellee"), commission chairman Jimmy Vandergrift, and commissioners Letitia Wilson, Chris Brent, Kay Bergen, Theta Rone, and Cindy Pinner (collectively, "the Tipton County Defendants"), as well as Mark Goins, the Coordinator of Elections for the Tennessee Division of Elections.[2] On October 19, 2022, Appellant Percy Squire ("Appellant") filed a motion to appear pro hac vice on behalf of Plaintiff under Rule 19 of the Rules of the Supreme Court of the State of Tennessee. On the same day, Plaintiff filed two "verified" motions seeking a temporary restraining order and preliminary injunction barring the commencement of early voting or the tabulation of votes pending resolution of this matter. Both motions were signed by Appellant as the purported counsel for Plaintiff,[3] but only the second motion contained the signature of Plaintiff in the verification section.

On October 25, 2022, the Tipton County Defendants filed a response in opposition to the Rule 19 motion. Therein, the Tipton County Defendants asserted that the Initial Petition was not filed pro se, as it purported to be, but had been sent from Appellant's office. The Tipton County Defendants further alleged that pleadings were not properly served or signed by local counsel. *See* Tenn. R. Sup. Ct. 19(g) ("Both the Tennessee lawyer and the lawyer appearing pro hac vice shall sign all pleadings, motions, and other papers filed or served in the proceeding[.]"). The Tipton County Defendants also asserted that Appellant failed to provide a full history of the discipline to which he had been subjected in other jurisdictions, including but not limited to, a suspension, an order to pay restitution, and a contempt finding against him. As such, the Tipton County Defendants urged the trial court to deny Appellant's motion to appear pro hac vice. On October 31, 2022, Mr. Goins joined in the response filed by the Tipton County Defendants.

On November 2, 2022, the Tipton County Defendants responded in opposition to Plaintiff's effort to set a hearing on the motion for temporary injunctive relief. Specifically, the Tipton County Defendants asserted that the requests for injunctive relief were not ripe as Appellant's pro hac vice appearance had not yet been decided. The Tipton County Defendants further argued that the trial court lacked subject matter jurisdiction because the Initial Petition was defective in that it was not sworn and did not state that it was the first application for the writ.

On November 3, 2022, Plaintiff filed an amended petition for a writ of certiorari ("the Amended Petition"). The Amended Petition was again filed pro se. On November 9, 2022, the Tipton County Defendants filed an answer to the Amended Petition, raising as defenses that the Amended Petition was not "sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public" and that the

---

[2] The allegations in the Initial Petition are not relevant to this appeal.
[3] The second motion only contained Appellant's electronic signature. Local counsel did not sign either motion.

Amended Petition "does not state that it is the first application for the writ." As such, the Tipton County Defendants asserted that the trial court lacked subject matter jurisdiction.

On November 4, 2022, Appellant filed a second motion to appear pro hac vice. The Tipton County Defendants responded in opposition on November 9, 2022. Appellant filed a response on November 10, 2022. A hearing on the motion to appear pro hac vice was set for the same day. According to both parties, on this date, the trial court ruled from the bench that it would deny Appellant's motion to appear pro hac vice.[4]

In the afternoon of November 10, 2022, Plaintiff filed what was captioned as a "Verified Petition." The notarized Verified Petition contained a verification by Plaintiff under penalty of perjury that the allegations were true and based on personal knowledge. Plaintiff also asserted that it was the first application for a writ because the Initial Petition was filed without subject matter jurisdiction. On the same day, Plaintiff also filed another verified motion for injunctive relief; this motion was filed pro se.

Before the trial court had entered an order memorializing its oral ruling, on November 18, 2022, Plaintiff filed a notice of voluntary nonsuit pursuant to Rule 41.01(1) of the Tennessee Rules of Civil Procedure.

Eventually, on February 6, 2023, the trial court entered two separate orders simultaneously.[5] First, the trial court entered a detailed order denying Appellant's request to appear pro hac vice. Therein, the trial court cited a number of sanctions that had been imposed on Appellant by other jurisdictions, including a suspension from the practice of law in November 2011. The trial court also entered an order dismissing Plaintiff's case without prejudice under Rule 41.01.

Appellant filed a notice of appeal with this Court on March 2, 2023.[6] On March 10, 2023, this Court entered an order asking Appellant to explain whether he was appealing the denial of his motion to appear pro hac vice and, if so, directing him to file an application for permission to appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure.[7] Appellant responded that he was appealing only the denial of his motion to appear pro hac vice. On April 14, 2023, Appellant filed an application for permission to appeal to this Court under Rule 10. Appellee filed a response in opposition on May 4, 2023,

---

[4] No transcript or statement of the evidence exists in the record to show the trial court's oral ruling. But neither party denies that the trial court did orally deny the motion on this date. Specifically, Appellant concedes in his brief that "On November 10, 202[2], in the Chancery Court a hearing was conducted in relation to the Undersigned's pro hac vice motion. The Chancery [Court] orally denied the Motion."

[5] Both indicate that they were received by the clerk's office at 1:35 pm.

[6] The notice of appeal was filed in the name of Appellant, rather than Plaintiff.

[7] Rule 19 of the Rules of the Tennessee Supreme Court states, in relevant part, that "[a] trial or intermediate appellate court's denial of a motion to appear pro hac vice . . . may be appealed pursuant to Rule 10, Tenn. R. App. P." Tenn. R. Sup. Ct. 19(h).

at the request of this Court. Mr. Goins filed a response on May 12, 2023, taking no position as to whether Appellant's application should be granted.

On June 14, 2023, this Court granted Appellant's application on the following narrow issue:

> Whether the trial court erred in denying Applicant's pending motions for pro hac vice admission notwithstanding the fact that, prior to the entry of the order denying the pending motions, Plaintiff had filed a notice of voluntary dismissal pursuant to Rule 41.01(1) of the Tennessee Rules of Civil Procedure.

## II. ANALYSIS

This is a unique case under Rule 10 of the Tennessee Rules of Appellate Procedure. Under Rule 10, an extraordinary appeal by permission may only be granted if one of the following circumstances is present: "(1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in these rules." Tenn. R. App. P. 10(a). Tennessee courts interpreting Rule 10 have held that an extraordinary appeal should not be granted unless "the challenged ruling represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denial of a party's day in court, is without legal authority, is a plain and palpable abuse of discretion, or results in either party losing a right or interest that may never be recaptured." *Kaur v. Singh*, No. W2016-02058-COA-R10-CV, 2017 WL 445149, at *7 (Tenn. Ct. App. Feb. 2, 2017) (citing *State v. McKim*, 215 S.W.3d 781, 791 (Tenn. 2007)).

This appeal, however, is not governed solely by Rule 10. Instead, it involves a request by an out-of-state attorney to appear before a Tennessee court under Rule 19 of the Rules of the Supreme Court of the State of Tennessee. *See generally* Tenn. Sup. Ct. R. 19. Pursuant to Rule 19, a lawyer not licensed to practice law in Tennessee may file a motion "in a particular proceeding" before the relevant court or agency showing that the lawyer has complied with the conditions contained in the rule. But in its discretion, the court may, "in a particular proceeding pending before it," deny the motion when certain conditions are met.[8] Tenn. Sup. Ct. R. 19(b). And Rule 19 specifically provides that the method for

---

[8] The conditions are as follows:

> (1) the applicant's conduct as a lawyer, including conduct in proceedings in Tennessee in which the applicant has appeared pro hac vice and conduct in other jurisdictions in which the lawyer has practiced, raises reasonable doubt that the lawyer will comply with the Tennessee Rules of Professional Conduct and other rules and law governing the conduct of lawyers who appear before the courts and agencies of the State

appealing the denial of a motion to appear pro hac vice is via a Rule 10 extraordinary appeal. *See* Tenn. R. Sup. Ct. 19(h).

Thus, we proceed to consider the question presented by this appeal: whether the trial court erred in adjudicating Appellant's motion to appear pro hac vice in light of the procedural posture of the case. *See* Tenn. R. Sup. Ct. 19(b). We conclude that the trial court did not err. In our view, the issue is governed by Rule 19(b), which gives the trial court discretion to deny a motion to appear pro hac vice "in a particular proceeding pending before it[.]" Tenn. Sup. Ct. R. 19(b). At the time that the trial court entered its written order denying the Rule 19 motion, Plaintiff had already given notice of his voluntary dismissal of the action pursuant to Rule 41. But Tennessee courts have held in a different context that a lawsuit remains "pending" despite the filing of a notice of voluntary nonsuit until the order of nonsuit is entered by the trial court. *See* ***Garen v. Bowman***, No. M2010-00512-COA-R3-CV, 2010 WL 4024907, at *2 (Tenn. Ct. App. Oct. 12, 2010) (in a case involving the prior suit pending doctrine, holding that "the entry of an order of voluntary dismissal is required before the voluntary dismissal takes effect. Until that time, the lawsuit remains pending."). Moreover, we note that in this particular case, the parties agree that the trial court had announced its oral ruling denying Appellant's motion to appear pro hac vice prior to the filing of the notice of nonsuit. This is somewhat similar to where, despite the pendency of a motion to recuse, a trial court may enter an order on a motion that had been ruled upon orally prior to the filing of the recusal motion. *See, e.g*, ***Austermiller v. Austermiller***, No. M2022-01611-COA-T10B-CV, 2022 WL 17409921, at *8 (Tenn. Ct. App. Dec. 5, 2022) ("[W]hen a Rule 10B recusal motion is pending, the trial court may enter orders that are based upon rulings the court made from the bench before the recusal motion was filed."). Thus, the trial court did not err in denying Appellant's motion to appear pro hac vice despite the unique procedural history of this case.[9]

---

of Tennessee; or
> (2) the applicant has engaged in such frequent appearances as to constitute regular practice in this state.

Tenn. R. Sup. Ct. 19(b).

[9] We note that the Tennessee Supreme Court has held that "[w]hen a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and *the parties are placed in their original positions prior to the filing of the suit.*" ***Himmelfarb v. Allain***, 380 S.W.3d 35 (Tenn. 2012); *see also* ***Justice v. Craftique Constr., Inc.***, No. E2019-00884-COA-R3-CV, 2021 WL 142146, at *3 (Tenn. Ct. App. Jan. 15, 2021) ("A plaintiff's voluntary nonsuit 'terminates the action without an adjudication of the merits' and leaves the parties 'as if no action had been brought at all.'" (quoting 27 C.J.S. *Dismissal and Nonsuit* § 11 (2020))). *But see* ***Reliance Ins. Co. v. Mackey***, No. M2003-03106-COA-R3-CV, 2004 WL 2636706, at *4 (Tenn. Ct. App. Nov. 18, 2004) ("A voluntary dismissal remains of record as does the complaint it dismisses. The dismissal does not vitiate the fact that the action was commenced. Indeed, the complaint remains of record, though dismissed, unlike criminal charges that have been expunged. . . . To hold that the voluntary dismissal of a civil action equates to the action never having been filed requires a strained reading of the statute, which is inappropriate."). Appellant has not asserted in either his Rule 10 application or his brief that the nonsuit of the case vitiates the trial court's denial of his motion to appear pro hac vice for purposes of future requests to appear under that rule or the rules of other jurisdictions. *See* Tenn. Sup. Ct. R. 19(d)(4) (requiring the

In his brief to this Court, Appellant raises a second issue: that the trial court should not have ruled on the Rule 19 motion because it did not have subject matter jurisdiction over the matter. Although this issue was not specifically designated as an issue by this Court's order granting Appellant's Rule 10 application, we will exercise our discretion to address it as "necessary for complete determination of the action on appeal[,]" Tenn. R. App. P. 10(a), as well as because it involves an issue of subject matter jurisdiction. *See* Tenn. R. App. P. 13(b) (stating that review will generally only extend to those issues presented for review, except that the "appellate court shall also consider whether trial and appellate court have jurisdiction over the subject matter").

In this case, Appellant asserts that the trial court never acquired subject matter jurisdiction over the case because neither the Initial Petition nor the Amended Petition were verified, as had been argued by the Tipton County Defendants in their answer. *See* Tenn. Code Ann. § 27-8-106 ("The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ."); ***Bd. of Pro. Resp. of Tenn. Sup. Ct. v. Cawood***, 330 S.W.3d 608, 609 (Tenn. 2010) ("[A] a court lacks subject matter jurisdiction over a statutory petition for certiorari that is not supported by oath or affirmation." (citing ***Depew v. King's, Inc.,*** 197 Tenn. 569, 276 S.W.2d 728, 728–29 (Tenn. 1955))). Appellant therefore contends that the trial court's subject matter jurisdiction never attached and that the trial court's order denying his motion for admission pro hac vice is void. *See* ***Dishmon v. Shelby State Cmty. Coll.***, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) ("Judgments or orders entered by courts without subject matter jurisdiction are void[.]"). We consider the question of the trial court's subject matter jurisdiction de novo, with no presumption of correctness. ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000).

Respectfully, we disagree with Appellant's argument on appeal. As an initial matter, we note that the question in this case is not whether the trial court had subject matter jurisdiction over Plaintiff's petitions for a writ of certiorari, but whether the trial court had subject matter jurisdiction to rule on Appellant's motion to appear pro hac vice under Rule 19. Rule 19, again, provides that a trial may deny a motion to appear pro hac vice when such a motion is filed "in a particular proceeding pending before it[.]" Tenn. Sup. Ct. R. 19(b). And regardless of whether any or all of the various petitions for a writ of certiorari could ultimately be dismissed due to lack of subject matter jurisdiction, a proceeding of some kind was nevertheless pending at the time that the trial court adjudicated the motion to be admitted pro hac vice, as discussed *supra*.[10] *Cf.* ***Garen***, 2010 WL 4024907, at *2.

---

lawyer seeking admission under Rule 19 to include in an affidavit attached to his motion "a statement concerning whether lawyer has been denied admission pro hac vice . . . in any jurisdiction"). We therefore do not address that question in this appeal.

[10] And as a reminder, the issue of subject matter jurisdiction was never adjudicated by the trial court and was not the basis of the ultimate dismissal of the case.

Thus, at the time that the trial court adjudicated the Rule 19 motion, all of Rule 19's subject matter jurisdiction requirements had been met.

In our view, the fact that the Initial Petition or the Amended Petition may, in hindsight, have been subject to dismissal for lack of subject matter jurisdiction does not alter this conclusion. Indeed, admission pro hac vice is something of a threshold issue that arises before other disputes concerning the case are adjudicated. In particular, Rule 19 provides that a lawyer seeking to appear under the rule should "file a motion in the court or agency before which the lawyer seeks to appear not later than the first occasion on which the lawyer files any pleading or paper with the court or agency or otherwise personally appears." Tenn. Sup. Ct. R. 19(d). This makes sense, as an out-of-state attorney has no ability to appear on behalf of a client in a Tennessee tribunal unless and until he or she is admitted pro hac vice. The question of whether a lawyer may represent a client therefore appears to be a matter that should often be decided prior to any consideration of the merits of the case—the client's chosen out-of-state counsel cannot make his or her arguments concerning subject matter jurisdiction or other disputes unless and until the pro hac vice issue is determined. Indeed, that consideration is especially true here, as by the time that the trial court entered its order denying the motion for pro hac vice admission, Plaintiff had filed a Verified Petition seeking to correct the deficiencies pointed out in the Initial Petition and the Amended Petition.[11] It therefore makes sense that a trial court would adjudicate a motion to appear pro hac vice before entertaining the question of whether it lacked subject matter jurisdiction over the underlying petition.

Our analysis is supported by a recent case that considered an analogous argument in the recusal context. Specifically, in *Matter of Conservatorship of Tapp*, a petition for the appointment of a conservator was granted. No. W2021-00718-COA-R3-CV, 2023 WL 1957540, at *1 (Tenn. Ct. App. Feb. 13, 2023). Months later, one co-conservator filed a motion to re-transfer assets to a trust. *Id.* at *2. The trial court granted the motion. The case proceeded for several years and was subject to much inter-family dispute, including one appeal. *Id.* at *3.

Eventually, the ward died, and four of the ward's siblings and two other relatives filed a complaint to set aside the trust and for a will contest. A few months later, the six petitioners filed a petition to recuse the trial judge. The co-conservators filed a motion to dismiss, arguing that not only should the complaint be dismissed but the motion for recusal also because the matter was improperly filed as part of the conservatorship case. Thus, the co-conservators argued that the trial court lacked subject matter jurisdiction over the

---

[11] While the Verified Petition may have suffered from its own jurisdictional infirmities, that question had not been litigated or adjudicated in the trial court. *Cf. Reid v. Lutche*, No. M1997-00229-COA-R3-CV, 2001 WL 55783, at *4 (Tenn. Ct. App. Jan. 24, 2001) ("Petitions for a common-law writ of certiorari must be filed within sixty days after the entry of the order or judgment at issue. This statutory time limit is mandatory and jurisdictional." (citing Tenn. Code Ann. § 27-9-102)).

complaint. *Id.* at \*4. The petitioners responded in opposition, arguing that the trial court had subject matter jurisdiction and that the recusal motion "had priority and must be heard before any other pending motions[.]" *Id.* at \*5. The trial court heard all the outstanding motions together and granted the co-conservators' motion to dismiss without prejudice. *Id.*

On appeal, the petitioners argued that the trial court erred in, inter alia, entering an order dismissing the case, before disposing of the motion to recuse as required by our recusal rule. *Id.* at \*6–7 (citing Tenn. Sup. Ct. R. 10B, § 1.02 ("While the motion [to recuse] is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken.")). The co-conservators argued, however, that the trial court was not required to rule on the recusal motion before addressing the motion to dismiss "because the petitioners' trust contest complaint was a legal nullity and the petitioners were never proper parties before the court." *Id.* at \*8 (footnote omitted). We disagreed, however, and determined that rulings on recusal and substantive issues should not be "intertwined" and a recusal motion is not rendered moot simply because one side asserts that the underlying cause should be dismissed as a nullity. *Id.* at \*8–11. We therefore vacated the orders addressing the substance of the action and remanded to a new trial judge for rehearing. *Id.* at \*11.

The situation presented here is not identical. Importantly, Rule 19 does not contain express language mandating that a motion to be admitted pro hac vice must be adjudicated prior to addressing any other pending issues. But the issue here is not whether the trial court erred in not addressing a pro hac vice motion prior to dismissing a case. The question is simply whether the trial court erred in adjudicating the pro hac vice motion notwithstanding Appellant's argument that, in retrospect, the trial court never acquired jurisdiction over the case. In *Tapp*, we essentially ruled that under Rule 10B, a recusal motion was a threshold issue that must be decided regardless of the propriety of the underlying action. While the same mandatory language is not at issue here, a motion for pro hac vice admission is similar to a recusal motion in that it can constitute a threshold issue that may be decided before the underlying petition is addressed in any manner. Thus, the trial court has subject matter jurisdiction to adjudicate a pending Rule 19 motion so long as the requirements of Rule 19 are met: that a motion seeking admission is filed "in a particular proceeding pending before it." Tenn. Sup. Ct. R. 19(b). Because the motion for pro hac vice admission here was filed in a particular proceeding pending before the trial court, the trial court properly exercised its subject matter jurisdiction in ruling on that request.

### III. CONCLUSION

The judgment of the Tipton County Chancery Court is affirmed, and this cause is remanded to the trial court for further proceedings as may be necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant, Percy Squire, for which execution may issue if necessary.

<u>s/ J. Steven Stafford</u>
J. STEVEN STAFFORD, JUDGE