# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### May 5, 2010 Session

## BOARD OF PROFESSIONAL RESPONSIBILITY
## OF THE TENNESSEE SUPREME COURT v. F. CHRIS CAWOOD

**Direct Appeal from the Chancery Court for Roane County**
**No. 16301      Jon Kerry Blackwood, Senior Judge**

---

**No. E2009-01957-SC-R3-BP - Filed December 20, 2010**

---

Disciplinary Counsel of the Board of Professional Responsibility filed a petition for discipline against attorney F. Chris Cawood for alleged violations of Rules of Professional Conduct. After Disciplinary Counsel's presentation of evidence, the Hearing Panel dismissed the petition. The Board of Professional Responsibility appealed to the chancery court, which affirmed the Hearing Panel's dismissal. The Board appealed the decision of the chancery court to this Court. We hold that the Board of Professional Responsibility's petition for certiorari failed to meet the requirements of Tennessee Code Annotated section 27-8-106 and that the chancery court therefore lacked jurisdiction to hear the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., and GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Sandy Garrett for the appellant, Board of Professional Responsibility.

F. Chris Cawood, Kingston, Tennessee, pro se.

Allan F. Ramsaur, Gail Vaughn Ashworth, and William L. Harbison, Nashville, Tennessee, and Brian S. Faughnan, Memphis, Tennessee, for the amicus curiae, Tennessee Bar Association.

1

# OPINION

On March 26, 2007, Disciplinary Counsel of the Board of Professional Responsibility ("Disciplinary Counsel") filed a petition for discipline with the Board of Professional Responsibility ("the Board") against attorney F. Chris Cawood. A Hearing Panel of the Board ("the Panel") heard testimony on the matter on December 8, 2008. After hearing testimony, the Panel dismissed Disciplinary Counsel's petition for discipline.

On January 20, 2009, the Board sought a review of the Panel's judgment in the Roane County Chancery Court pursuant to section 1.3 of Tennessee Supreme Court Rule 9. On August 31, 2009, the chancery court found the evidence sufficient to support the Panel's findings and affirmed the Panel's dismissal of the petition for discipline. The Board filed a notice of appeal to this Court on September 23, 2009.

In both the chancery court and this Court, Mr. Cawood contended that the chancery court lacked jurisdiction to hear the appeal from the Panel because the Panel's petition for certiorari failed to meet the statutory requirements for a petition for certiorari provided in Tennessee Code Annotated section 27-8-106.

Tennessee Supreme Court Rule 9 section 1.3 of Rule 9 provides that a party to a disciplinary proceeding may seek review of the judgment of a hearing panel "in the manner provided by T.C.A. § 27-9-101 et seq., except as otherwise provided herein." Chapter 9 of Title 27 of the Tennessee Code Annotated provides the procedure by which an aggrieved party may obtain judicial review of the decision of a board or commission. Tenn. Code Ann. § 27-9-101 (2000). To that end, Tennessee Code Annotated section 27-9-102 (2000) states that the aggrieved party

> shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) of the petitioners, or any one (1) of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

The Board's petition for judicial review of the Panel's judgment satisfied these requirements.

Because Tennessee Code Annotated section 27-9-102 requires the aggrieved party to file "a petition of certiorari," the Board's petition for judicial review of the Panel's decision also is governed by Tennessee Code Annotated section 27-8-106 (2000). Section 27-8-106

sets forth two requirements for petitions for certiorari, which the Board's petition did not satisfy. Tennessee Code Annotated section 27-8-106 states, "The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." We have held that a court lacks subject matter jurisdiction over a statutory petition for certiorari that is not supported by oath or affirmation. DePew v. Kings, Inc., 276 S.W.2d 728, 728-29 (Tenn. 1955).

Tennessee Supreme Court Rule 9 section 1.3 states that a party may seek "review of the judgment of a hearing panel in the manner provided by T.C.A. § 27-9-101 et seq., except as otherwise provided herein." The rule allows us to provide for exceptions from the requirements of Tennessee Code Annotated section 27-9-102,[1] but we have not previously done so concerning either the requirement that the petition be submitted under oath or the requirement that the petition state that it is the first application for the writ. We therefore hold that the petition for certiorari in this matter must be supported by oath or affirmation and state that it is the first application for the writ.

The Board's failure to follow the procedures of Tennessee Code Annotated section 27-8-106 deprives the chancery court of jurisdiction and is fatal to the Board's appeal. Accordingly, the Board's appeal is dismissed. Costs of this appeal are assessed against the appellant, the Board of Professional Responsibility.

_____
JANICE M. HOLDER, JUSTICE

---

[1] For example, Tennessee Supreme Court Rule 9, section 1.4 provides that the petition may be filed in either circuit or chancery court and changes the county in which the petition must be filed to "the county wherein the office of the respondent was located at the time the charges were filed . . . ." Cf. Tenn. Code Ann. § 27-9-102 (requiring the petition for certiorari be filed "in the chancery court of any county in which any one (1) of the petitioners, or any one (1) of the material defendants reside, or have their principal office").