# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
April 7, 2011 Session

## WILLIAM B. PENN v. BOARD OF PROFESSIONAL RESPONSIBILITY

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004970-08     Donald P. Harris, Senior Judge**

---

**No. W2010-01250-SC-R3-BP - Filed April 25, 2011**

---

### ORDER

On June 9, 2008, a Hearing Panel of the Board of Professional Responsibility suspended Mr. Penn's license to practice law for three years, with all time suspended except twelve months, upon the condition that prior to reinstatement Mr. Penn pay restitution in the total amount of $36,040 and also pay the costs of the disciplinary proceeding. On December 1, 2009, the Chancery Court for Shelby County affirmed the punishment imposed by the Hearing Panel. Mr. Penn appealed to this Court from the trial court's order, and the parties argued this matter before the Court in Jackson on April 7, 2011.

Mr. Penn asked the trial court to review the Hearing Panel's decision pursuant to Tennessee Supreme Court Rule 9, section 1.3, which provides that a party dissatisfied with the decision of a hearing panel may obtain judicial review by filing a petition for a writ of certiorari in accordance with Tennessee Code Annotated sections 27-9-101 through -114 (2000 & Supp. 2010). Tennessee Code Annotated section 27-8-106 (2000) requires that a petition for a writ of certiorari be "sworn to" and state that "it is the first application for the writ." Recently, this Court held that a petitioner's failure to satisfy these requirements deprives trial courts of jurisdiction to review a hearing panel's decision. Bd. of Prof'l Responsibility v. Cawood, 330 S.W.3d 608, 609 (Tenn. 2010).

On February 9, 2011, the Board, citing Cawood, filed a motion to dismiss Mr. Penn's appeal for lack of subject matter jurisdiction because Mr. Penn's petition for writ of certiorari filed on October 8, 2008 was neither sworn to nor contained a statement that it was the first application for the writ. On February 15, 2011, this Court entered an order taking the Board's motion under advisement. On March 8, 2011, the Board filed a motion seeking a reconsideration of the Court's February 15 order. Mr. Penn filed a reply in opposition to that motion on March 30, 2011.

On March 31, 2011, this Court granted Mr. Penn's request for additional time to file a supplemental brief addressing materials in the supplemental record and ordered him to file such brief, or a notice that no supplemental brief will be filed, on or before April 22, 2011.

We have reviewed the record to determine whether Mr. Penn's petition for writ of certiorari satisfied the requirements identified in Cawood as necessary to confer subject matter jurisdiction upon the trial court. Because Mr. Penn's petition failed to conform to Tennessee Code Annotated section 27-8-106, in that it was neither "sworn to" nor included language assuring that "it is the first application for the writ," the trial court lacked jurisdiction to hear and decide his petition.

For these reasons, the Board's motion to dismiss Mr. Penn's appeal is hereby granted, and the trial court's December 1, 2009 order is vacated. This Court's March 31, 2011 order allowing supplemental briefing is also vacated. Because the sanction imposed by the Hearing Panel exceeds a three-month suspension and because no appeal was properly perfected, the Board is directed to file a copy of the Hearing Panel's order for review by this Court in accordance with Tennessee Supreme Court Rule 9, section 8.4.

The costs of this appeal are taxed to William J. Bryan Penn, for which execution may issue if necessary.

It is so ORDERED.

PER CURIAM

-2-