IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 21, 2010

**STATE OF TENNESSEE v. KEANEST D. WHITSON**

**Appeal from the Criminal Court for Washington County**
**Nos. 33292 & 35646      Lynn W. Brown, Judge**

**No. E2010-00408-CCA-R3-CD - Filed June 28, 2011**

JOSEPH M. TIPTON, P.J., concurring and dissenting.

I agree with my colleagues that the common law writ of certiorari is the proper means to have this court address the trial court's actions regarding improperly reducing the felony theft charge to unauthorized use of an automobile. I differ, though, in how the issue is addressed. I also agree with Judge Thomas that a new sentencing hearing is in order.

Judge Witt states that certiorari applies to allow us to review the actions regarding the judgment for unauthorized use of an automobile. He also concludes that there is no relief for the State's claims regarding the trial court's sentencing without a hearing. Judge Thomas states that certiorari applies so as to allow all the trial court's actions to be reviewed. They both rely on State v. Leath, 977 S.W.2d 132, 136 (Tenn. Crim. App. 1998), in which this court converted an improper appeal to one by common law writ of certiorari in order to address a trial court's unilateral reduction of a sentence.

The problem I see arises from Bd. of Prof'l Responsibility v. Cawood, 330 S.W.3d 608, 609 (Tenn. 2010), in which our supreme court held that a petition for writ of certiorari "must be supported by oath or affirmation and state that it is the first application for the writ." Without these requirements, the appellate court is without subject matter jurisdiction. Id. In the present case, no such oath or statement is provided. Judge Witt acknowledges Cawood, but notes it dealt with the requirements for a statutory writ of certiorari and, in any event, concludes that it does not control this court's conversion of an improper appeal into a certiorari appeal. I respectfully disagree.

The common law writ has been codified. See T.C.A. § 27-8-101 (2010); Moody v. State, 160 S.W.3d 512, 515 (Tenn. 2005); McGee v. State, 340 S.W.2d 904, 905 (Tenn. 1960). Pursuant to Tennessee Code Annotated section 27-8-06, a petition must be on oath

and provide a statement that it is the first application for a writ. Nothing in this chapter, entitled "Certiorari and Supersedeas," indicates that these requirements apply only to the statutory writ for certiorari under section 27-8-102 and not to the common law writ under section 27-8-101. See T.C.A. §§ 27-8-101 to 118.

As for whether this court has the authority to convert an improper appeal into a certiorari appeal, I note again that the requirements for an oath and a statement have been viewed to be necessary to confer jurisdiction on the reviewing court. Pursuant to Tennessee Rule of Appellate Procedure 2, this court may for good cause suspend the requirements of any of the appellate rules, except for certain time limitations that primarily relate to the supreme court. I do not believe, though, that this provision grants jurisdiction that is required by a statute that is not part of the appellate rules. In other words, this court does not have independent authority to convert an improper appeal as of right to a petition for a writ of certiorari unless the appeal meets the statutory requirements for a certiorari appeal. The appeal in the present case does not.

On the other hand, I believe an appeal as of right is appropriate to resolve the sentencing issues. I also believe that the way the trial court failed to provide a sentencing hearing when imposing the sentences was error and was prejudicial to the judicial process. See T.R.A.P. 36(b). The trial court essentially usurped the State's terms of the agreement but altered a primary requirement regarding the theft offense. Once the trial court rejected the agreement because of the term of confinement, any summary imposition of sentences, including the sentence imposed for the community corrections revocation, did not follow the Sentencing Act's requirements for a sentencing hearing and a presentence report. See T.C.A. § 40-35-209 (2003) (amended 2009). The trial judge's actions were out of line, and the case should be remanded for appropriate proceedings before another trial judge.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE