# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 6, 2011 Session

# MARK D. TALLEY v. BOARD OF PROFESSIONAL RESPONSIBILITY

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-10-0507-2      James F. Butler, Chancellor**

---

**No. W2010-02072-SC-R3-BP - Filed October 26, 2011**

---

JANICE M. HOLDER, J., concurring.

I concur in the judgment of the Court, but I do not concur in the reasoning of the majority opinion.

At the time Mr. Talley appealed the decision of the hearing panel, Tennessee Supreme Court Rule 9, section 1.3 stated that "a party to a disciplinary proceeding may seek review of the judgment of a hearing panel 'in the manner provided by T.C.A. § 27-9-101 et seq., except as otherwise provided herein.'" Bd. of Prof'l Responsibility v. Cawood, 330 S.W.3d 608, 608 (Tenn. 2010). In Cawood, we held that the Board of Professional Responsibility's failure to follow the statutory requirements for a petition for writ of certiorari deprived the chancery court of jurisdiction and was fatal to its appeal. Cawood, 608 S.W.3d at 609.

The majority opinion states that "the courts' power to issue writs of certiorari flows from Article VI, Section 10 of the Tennessee Constitution." I disagree. The power to issue a writ of certiorari in the present case flows from the statutes governing the writ of certiorari, Tennessee Code Annotated sections 27-8-101 to -118 (2000). Jurisdiction in this case is controlled by statute, not by the Tennessee Constitution. Today, the Court inexplicably has decided that we can waive some requirements of the statute because there is no provision of the Tennessee Constitution that is similar to those requirements. We are not at liberty to ignore a statute if it does not conflict with the Tennessee or United States Constitutions. Depew v. King's, Inc., 276 S.W.2d 728, 729 (Tenn. 1955); see Crane Enamelware Co. v. Smith, 76 S.W.2d 644, 645 (Tenn. 1934) ("The court has no authority to waive a statutory requirement.").

In Cawood, this Court held that the requirements of the statute applied. The requirements of the statute are clear. The petition for writ of certiorari must be sworn to ("the verification") and state that it is the first petition for the writ ("the recitation"). Tenn.

Code Ann. § 27-8-106. Mr. Talley's petition for certiorari contained the verification but did not include the recitation. Mr. Talley's petition for writ of certiorari therefore failed to grant jurisdiction to the chancery court. <u>Cawood,</u> 330 S.W.3d at 609.

The hearing panel disbarred Mr. Talley, and he failed to perfect his appeal. When a hearing panel recommends a suspension exceeding three months or disbarment and no appeal is perfected, this Court reviews the punishment to determine if it is appropriate under the circumstances of the case. Tenn. Sup. Ct. R. 9, § 8.4. Under the circumstances of this case, I agree with the majority that disbarment is appropriate.

_____
JANICE M. HOLDER, JUSTICE