# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
March 20, 2012 Session

## DEPOT PROPERTY, LLC AND TERRY C. COX
### v.
## TOWN OF ARLINGTON, TENNESSEE

**Appeal from the Chancery Court of Shelby County**
**No. CH0923811     Walter L. Evans, Chancellor**

_____

**No. W2011-01509-COA-RM-CV - Filed July 12, 2012**

_____

This appeal concerns the requirements for a petition for certiorari.  This case is on remand from the Tennessee Supreme Court for reconsideration in light of *Board of Professional Responsibility v. Cawood*, 330 S.W.3d 608 (Tenn. 2010).  After reviewing the petition for certiorari in light of the requirements set forth in *Cawood*, we find that the trial court was without subject matter jurisdiction to hear this case.  Therefore, we vacate the trial court's decision and dismiss the case.

**Remanded to Intermediate Court from Supreme Court; Judgment of the Chancery Court is Vacated and Dismissed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Edward J. McKenney Jr., Memphis, Tennessee for Respondent/Appellant, Town of Arlington, Tennessee

Terry C. Cox and F. Auston Wortman, III, Collierville, Tennessee for Petitioner/Appellees, Depot Property, LLC and Terry C. Cox

## OPINION

### FACTS AND PROCEEDINGS BELOW

The facts and proceedings in this case are more fully set forth in this Court's Opinion in the first appeal. *See Depot Property, LLC v. Town of Arlington,* No. W2010-01488-COA-R3-CV, 2011 WL 334472; 2011 Tenn. App. LEXIS 34 (Tenn. Ct. App. Jan. 31, 2011) (hereinafter "*Depot Property I*"). In brief, on December 3, 2009, Petitioner/Appellees Depot Property, LLC and Terry C. Cox (hereinafter collectively "Cox") filed a petition for a common law writ of certiorari against the Respondent/Appellant Town of Arlington, Tennessee ("Town") in the Chancery Court of Shelby County, Tennessee.[1] Cox's petition sought review of a decision of the Arlington Board of Mayor and Aldermen regarding a request to rezone land owned by Cox.

After Cox's petition was filed, the trial court issued the writ of certiorari as requested.[2] The Town then filed the record of its proceedings on Cox's rezoning application. *Depot Property I*, 2011 WL 334472, at *3; 2011 Tenn. App. LEXIS 34, at *10-11. The trial court held a hearing on the merits and found in favor of Cox. *Depot Property I*, 2011 WL 334472, at *3-4; 2011 Tenn. App. LEXIS 34, at *11. The Town then appealed to this Court.

In *Depot Property I*, this Court reversed the decision of the trial court and upheld the Town's decision on Cox's rezoning application. *Depot Property I,* 2011 WL 334472, at *8; 2011 Tenn. App. LEXIS 34, at *26. Depot Property then filed an application for appeal to the Tennessee Supreme Court.

On July 14, 2011, the Tennessee Supreme Court granted Cox's application for permission to appeal. It granted Cox's application "solely for the purpose of remanding the case to the Court of Appeals for reconsideration as to the trial court's subject matter jurisdiction to hear the case, in light of *Bd. of Prof'l Responsibility v. Cawood*, 330 S.W.3d 608 (Tenn. 2010)."

---

[1]The petition also sought declaratory relief and damages. The parties later consented to the entry of an order dismissing those claims. *See Depot Property I*, 2011 WL 334472, at *3 n.5; 2011 Tenn. App. LEXIS 34, at *10 n.5.

[2]The issuance of such a writ is not actually an adjudication of anything; "[i]t is simply an order to the lower tribunal to file the complete record of its proceedings so the trial court can determine whether the petitioner is entitled to relief." *Keen v. Tenn. Dep't of Corr.*, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *2 (Tenn. Ct. App. Feb. 25, 2008) (citing *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 375 (Tenn. Ct. App. 2003); *Hawkins v. Tenn. Dep't of Corr.*, 127 S.W.3d 749, 757 (Tenn. Ct. App. 2002)). Once the writ is granted and the certified record is filed, the trial court adjudicates the merits.

*See Depot Property v. Town of Arlington*, No. W2010-01488-SC-R11-CV, 2011 Tenn. LEXIS 713, at \*1 (Tenn. July 14, 2011).

On remand, the parties were given the opportunity to brief the issue enounced by the Supreme Court and were also permitted to present oral argument. We now consider the issue on remand.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

As per the instructions of our Supreme Court in remanding this case, we consider whether the trial court had subject matter jurisdiction over Cox's petition for certiorari in light of ***Bd. of Prof'l Responsibility v. Cawood***, 330 S.W.3d 608 (Tenn. 2010).

Rule 13(b) of the Tennessee Rules of Appellate Procedure provides that appellate review "generally will extend only to those issues presented for review" by the parties. Under Rule 13(b), however, the appellate court must "also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review" by the parties. Tenn. R. App. P. 13(b)(2011); ***First Am. Trust Co. v. Franklin-Murray Dev. Co.***, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001). The question of whether a court has subject matter jurisdiction is a question of law. ***Staats v. McKinnon***, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006). Thus, on appeal, the issue is reviewed *de novo* with no presumption of correctness given to the ruling of the lower court. ***Nelson v. Wal-Mart Stores, Inc.***, 8 S.W.3d 625, 628 (Tenn. 1999).

### ANALYSIS

On remand, Cox argues the second component of Tennessee Code Annotated § 27-8-106, that the petition "be sworn to," is merely discretionary. In the alternative, if this Court holds that such an oath is required, Cox contends that the "oath or affirmation" requirement is satisfied by the fact that Cox's signature on the petition is notarized.

As to the requirement that the petition recite that it is the first application for the writ, Cox notes that Paragraph 2 of the prayer for relief in his petition asks that "a writ of certiorari be issued." He argues that this statement in the petition implies that no previous writ had been issued, and thus satisfies the "first application for the writ" requirement. In the alternative, Cox cites ***Talley v. Bd. of Prof'l Resp.***, 358 S.W.3d 185, 192 (Tenn. 2011), for the proposition that the trial court may have subject matter jurisdiction even in the absence of a recitation that the petition is the first application for a writ. Overall, Cox also asks this Court to hold that the trial court could consider the merits of the case based on the equitable maxim "equity looks to the intent rather than to the form."

Subject matter jurisdiction implicates a court's power to adjudicate a particular case or controversy. *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Earls v. Mendoza*, No. W2010-01878-COA-R3-CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug. 10, 2011). In the absence of subject matter jurisdiction, a court cannot enter a valid, enforceable order. *Earls*, 2011 WL 3481007, at *5 (citing *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)). When subject matter jurisdiction is questioned, the court must ascertain whether the Tennessee Constitution, the Tennessee General Assembly, or the common law have conferred on it the power to adjudicate the case before it. *Earls*, 2011 WL 3481007, at *5 (citing *Staats*, 206 S.W.3d at 542).

The Supreme Court directed us to reconsider the appeal in light of *Cawood*, so it behooves us to discuss the holding in *Cawood*. In *Cawood*, the disciplinary counsel for the Board of Professional Responsibility filed a petition for discipline against attorney Cawood. *Cawood*, 330 S.W.3d at 608. A hearing panel of the Board dismissed the disciplinary counsel's petition. *Id.* The disciplinary counsel then filed a petition for certiorari in chancery court, seeking judicial review of the hearing panel's decision. *Id.* The chancery court ruled against the disciplinary counsel, and it appealed to the Tennessee Supreme Court. *Id.*

> On appeal, the *Cawood* Court noted:
>
> [Tennessee Code Annotated §] 27-8-106 sets forth two requirements for petitions for certiorari, which the Board's petition did not satisfy. Tennessee Code Annotated section 27-8-107 states, "The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." We have held that a court lacks subject matter jurisdiction over a statutory petition for certiorari that is not supported by oath or affirmation. *Depew v. Kings, Inc.*, 197 Tenn. 569, 276 S.W.2d 728, 728-29 (1955).

*Id.* at 609. Declining to make an exception to the requirements for an oath or affirmation and a recitation that the petition is the first application for the writ, the *Cawood* Court held:

> [T]he petition for certiorari in this matter must be supported by oath or affirmation and state that it is the first application for the writ. The Board's failure to follow the procedures of Tennessee Code Annotated section 27-8-106 deprives the chancery court of jurisdiction and is fatal to the Board's appeal.

-4-

*Id.* (footnote omitted). For that reason, the Court dismissed the disciplinary counsel's appeal. The holding in *Cawood* has been reaffirmed in subsequent cases. *See, e.g., Penn v. Bd. of Prof'l Resp.*, No. W2010-01250-SC-R3-BP, 2011 WL 1542989, at *1 (Tenn. Apr. 25, 2011); *Nebel v. Bd. of Prof'l Resp.*, No. M2010-00420-SC-R3-BP, 2011 WL 197868, at *1 (Tenn. Jan. 21, 2011).

In the instant case, Terry Cox signed the petition for certiorari, on his own behalf and on behalf of Depot Property, LLC. Cox's signature was notarized. The petition does not include an oath or affirmation by Cox, nor does it state that Cox's petition is the first application for the writ.

Cox first argues that the "oath or affirmation" requirement in Section 27-8-106 is merely discretionary. This contention is squarely at odds with the Supreme Court's holding in *Cawood*. *Cawood*, 330 S.W.3d at 609 (citing *Depew v. King's Inc.*, 276 S.W.2d 728, 728-29 (Tenn. 1955)). The requirement cannot be waived, as subject matter jurisdiction cannot be conferred by waiver or consent. *Talley,* 358 S.W.3d at 192.

Next, Cox argues rather hopefully that the "oath or affirmation" requirement is satisfied by the fact that his signature on the petition for certiorari is notarized. Because his signature is notarized, the petition includes a statement sworn *by the notary public*, stating that Cox appeared before the notary and signed the petition as his "free act and deed." Cox says that this is an "oath" under Section 27-8-106, so the trial court has subject matter jurisdiction.

We dispatch with this argument as well. In *Cason v. Little*, this Court explained the distinction between notarizing a petition and verifying a petition:

> There is an important distinction between verifying a petition and notarizing a petition. Verification helps demonstrate the truth of the petitioner's allegations. Notarization, sometimes referred to as the acknowledgment, helps demonstrate the petition's proper execution. A petition for a common law writ of certiorari must not only be verified, but must also be sworn to under oath, typically through the use of a notary public. This sworn and notarized statement accompanying the petition must declare that the petition's allegations are true to the best of the petitioner's knowledge. . . .
> 
> * * *
> 
> It is well settled that the "sworn to" language found at T.C.A. § 27-8-106 requires all petitions for writs of certiorari be verified by an affidavit; otherwise, neither the lower court, nor the appellate court would obtain jurisdiction over the petition. Courts have consistently held that the failure of

the petitioner to verify the petition as required by the Tennessee Constitution and the Tennessee Code is proper grounds for dismissal.

*Cason v. Little*, No. W2007-01910-COA-R3-CV, 2008 WL 2065194, at *3-4; 2008 Tenn. App. LEXIS 287, at *9-11 (Tenn. Ct. App. May 15, 2008) (internal and parenthetical citations omitted). Thus, the fact that Cox's signature on the petition is notarized is no substitute for verification of the petition with an "oath or affirmation" by Cox as the petitioner.

We conclude, then, that Cox's petition is not "supported by oath or affirmation" as required. Cox's "failure to follow the procedures of Tennessee Code Annotated section 27-8-106 deprives the chancery court of jurisdiction and is fatal to [Cox's] appeal" of the decision of the Arlington Board of Mayor and Aldermen. *Cawood*, 330 S.W.3d at 609. We are left with little choice but to vacate the trial court's decision and remand to the trial court with directions to enter an order dismissing the case for lack of subject matter jurisdiction. This holding pretermits any other issues raised on remand.

## CONCLUSION

The decision of the trial court is vacated and the cause is remanded for entry of an order of dismissal. Costs on appeal are assessed against Petitioner/Appellees Depot Property, LLC, Terry C. Cox, and their surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE